# Office of the Chapter 13 Standing Trustee

## *Andrew B. Finberg, Chapter 13 Standing Trustee*

*Joni L. Gray, Counsel*  
*Jennifer R. Gorchow, Staff Attorney*  
*William H. Clunn, III, Staff Attorney*

*Lu'Shell K. Alexander\**  
*Jennie P. Archer\**  
*Kelleen E. Stanley\**  
*Kimberly A. Talley\**

*\*Certified Bankruptcy Assistant*

December 19, 2023

The Honorable Jerrold N. Poslusny, Jr.  
United States Bankruptcy Court  
P.O. Box 2067  
Camden, New Jersey 08102

      RE:    Chapter 13 Bankruptcy  
             Case No. 23-14888 (JNP)  
             Debtor(s) Name:  Wanda K. Lee-Jackson

Dear Judge Poslusny:

      Please accept this letter in lieu of a more formal response and in opposition to Debtor's Motion to Vacate Dismissal Order, which is returnable on December 27, 2023, at 11 a.m.

      The Chapter 13 Standing Trustee objects to the Motion to Vacate Dismissal in this case. The governing rules and case law of F.R.C.P. 60 apply to the instant Motion.  See, In re Lampman 494 B.R. 218, 222 (Bankr. M.D. Pa., 2013) (citing numerous other cases).  The party "who sees such extraordinary relief from a final judgement bears a heavy burden."  Plisco v. Union R. Co., 379 F.2d, 15, 17 (3d Cir. 1967).

      Rule 60(b) provides for five specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding": (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  *In re Lampman,* 494 B.R. 218, 222-223 (Bankr. M.D. Pa., 2013).

      In reviewing Debtor's certification none of the above grounds are specifically pleaded as Debtor fails to address the Rule at all. In the instant case, a dismissal order was entered on October 19, 2023, as a result of Debtor's failure to submit documents to the Trustee in order to appear at the Section 341(a) Meeting of Creditors.  To vacate dismissal, the very reason for dismissal must be addressed and rectified.   However, the Debtor has failed to address the outstanding items which have been requested since the first listing of confirmation on August 16, 2023.

Cherry Tree Corporate Center  
535 Route 38  
Suite 580  
Cherry Hill, NJ 08002  
(856) 663-5002

Payments Only:

P.O. Box 1978  
Memphis, TN 38101-1978

Debtor comes before the Court on a motion to vacate dismissal order stating that due to medical reasons, she was unable to provide the required documents to the Trustee. Debtor's plan proposed a loan modification by December 1, 2023. However, the certification of Debtor's counsel states that she did not apply for a loan modification in this case, as she was out of work. Debtor's counsel acknowledges that the Debtor did apply for a modification in a previous case as was denied.

Rocket Mortgage filed a proof of claim on August 14, 2023, with arrears of $141,161.33. Debtor's Schedule J filed on December 6, 2022, reflects net income of $578.61. Debtor's plan is not feasible without a loan modification.

Furthermore, it does not appear that Debtor served a copy of the motion to the creditors.

There has been no change since the case was dismissed. Debtor is six (6) months into the plan and has not appeared at the Section 341(a) Meeting of Creditors. Debtor fails to address the missing documents needed to appear at the hearing. Debtor's certification only addresses the need to vacate the dismissal to apply for loan modification. Based on the foregoing, the Trustee respectfully requests that Debtor's motion be denied.

Should the Court grant Debtor's Motion, the Trustee respectfully requests Debtor be required to submit an amended proposed order to Judge's chambers to include the following language;

1. Debtor shall within ten (10) days;
   a. Submit payment of $400 to the Trustee
   b. File amended Schedule I
   c. Submit updated proof of income.
   d. Submit Profit and Loss Statement for Childcare dated 12/1/2022-5/31/2023
   e. Submit Copy of Driver's license and Social Security Card
   f. Submit adjournment request to appear at the 341(a) Meeting of Creditors
   g. Submit copy of loan modification application with evidence the application has been submitted to the lender.

As always, the Court is welcome to contact the Trustee with any concerns.

Respectfully submitted,

*/s/ Joni L. Gray*
Joni L. Gray, Counsel for
Andrew B. Finberg
Chapter 13 Standing Trustee

JLG/kt
cc:   Steven A. Silnutzer, Esquire (Via CM/ECF)
      Wanda K. Lee-Jackson (Via Regular Mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Page **2** of **2**